UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARVIN D. HUGHES,

        Plaintiff,                Case No. 2:10-cv-135

v.                                  Honorable R. Allan Edgar

CATHERINE BAUMAN et al.,

        Defendants.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Marvin D. Hughes, a prisoner incarcerated at Alger Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless –

and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives

to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is

liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the

prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The

constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at

1288.

> In addition, another provision reinforces the "stop and think" aspect of the PLRA by

preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless

lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under [the section governing proceed-
> ings *in forma pauperis*] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the complaints were frivolous, malicious or failed to state a claim. *See Hughes v. Oakland County Probate Court*, No. 2:00-cv-74631 (E.D. Mich. Sept. 28, 2001); *Hughes v. Tefft et al.*, No. 4:97-cv-90 (W.D. Mich. Mar. 23, 1998); *Hughes v. McGinnis*, No. 1:96-cv-994 (W.D. Mich. Feb. 6, 1997). Plaintiff has previously been denied leave to proceed *in forma pauperis* because he has three strikes. *Hughes v. Caruso et al.*, No. 4:04-cv-79 (W.D. Mich. June 15, 2004.)

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In his *pro se* complaint, Plaintiff states that he was placed in administrative segregation in July of 2009 and remains there presently. Plaintiff raises two grounds alleging that he is in imminent danger of serious physical injury as a result of his placement in administrative segregation. First, he asserts that other inmates repeatedly tamper with electrical outlets causing fuses to blow, which creates a risk of fire and smoke. Plaintiff claims that he is in danger because there are no emergency buttons installed in the cells, there are no fire drills conducted and there is no fire safety equipment. (Compl., Page ID ##8-10, docket #1.) Second, Plaintiff complains that he is at risk because the showers have hair and blood from other inmates shaving in the shower.

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, No. 06-4472, 2008 WL 3889860, at *1 (6th Cir. Aug. 20, 2008).

Plaintiff's allegations that other inmates placed in administrative segregation have, in the past, tampered with electrical outlets causing fuses to blow, does not demonstrate an imminent danger of a serious physical injury from smoke and fire. Although there are no emergency buttons in his cell or fire drills performed in administrative segregation, Plaintiff does not allege that there is no fire evacuation plan in place or that there are no other fire safety devices available to the officers. Contrary to Plaintiff's assertions that a blown fuse indicates a risk of fire and smoke, fuses blow and circuit breakers trip to prevent electrical fires. Additionally, Plaintiff's allegations regarding the state of the showers fail to show an imminent danger of serious physical injury. He

alleges that there were blood smears on the wall and shower button, but he makes no allegation that he was forced to have contact with the blood.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:       10/5/2010             */s/ R. Allan Edgar*      
                                       R. Allan Edgar
                                       United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**